IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DIESEL PERFORMANCE PRODUCTS, INC., d/b/a FASS FUEL SYSTEMS, )))) | |
| Plaintiffs, )) | Case No. |
| v. )) | |
| AEROMOTIVE, INC., a Kansas corporation, ))) | |
| SERVE:  Steve Matusek 7805 Barton Street Lenexa, KS 66215 )))) | **JURY TRIAL DEMANDED** |
| Defendant. )) | |

## COMPLAINT

COMES NOW C. Brad Ekstam ("Brad Ekstam") and Diesel Performance Products, Inc., d/b/a FASS Fuel Systems ("FASS") (collectively "Plaintiffs") and file their Complaint against Aeromotive, Inc. ("Aeromotive" or "Defendant").

### Jurisdictional

1.      This is an action for patent infringement under Title 35, United States Code. Plaintiffs are seeking preliminary and permanent injunctive relief, as well as damages.

2.      Jurisdiction is proper in this Court, pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (patents, copyrights and trademarks), as this is an action for patent infringement.

### Parties

3.      Plaintiff C. Brad Ekstam ("Brad Ekstam") is an individual and a resident and citizen of the state of Missouri.

1

22891285v3

4.     Plaintiff Diesel Performance Products, Inc., d/b/a FASS Diesel Fuel Systems ("FASS") is a Missouri corporation, having its principle place of business in Warren County, Missouri and a citizen of the state of Missouri.

5.     Defendant Aeromotive, Inc. ("Aeromotive") is a Kansas corporation, having its principle place of business in Johnson County, Kansas and a citizen of the state of Kansas.

## Venue

6.     Defendant Aeromotive's products, which are alleged herein to infringe were made, used, sold and/or offered for sale in the Eastern District of Missouri.

7.     Venue is proper in the Eastern District of Missouri pursuant to 20 U.S.C. §§ 1391(c) and 1400(b) because Plaintiffs reside in this district. In addition, Defendant Aeromotive has committed acts of infringement here.

## COUNT I

## Infringement of U.S. Letters Patent No. 6,892,710

8.     Paragraphs 1-7 are incorporated herein by reference.

9.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271 and 281.

10.     Brad Ekstam is the owner of United States Patent No. 6,892,710 (the "'710 Patent") titled Fuel/Air Separation System, a copy of which is attached hereto as Exhibit A.

11.     FASS is an exclusive licensee under the '710 Patent.

12.     The '710 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

13.     Defendant Aeromotive's has infringed and continues to infringe the '710 Patent by making, using, offering for sale, selling, and/or importing products covered by one or more

2

claims of the '710 Patent, including but not limited to Defendant Aeromotive's Diesel Lift Pumps, product numbers 11801, 11802, 11803, 11806, 11807, and 11808 ("Accused Devices"), in this judicial district.

14.     Defendant Aeromotive's has contributorily infringed, and induced to others to infringe one or more claims of the '710 Patent, and continue to contributorily infringe and induce others to infringe one or more claims of the '710 Patent, pursuant to 35 U.S.C. §§ 271(b) and (c), in the United States, including in this judicial district.

15.     Defendant Aeromotive has infringed, at a minimum, upon Claims 1 and 6 of the '710 Patent through its making, using, offering for sale, selling, and/or importing of the Accused Devices and/or commercial variants of said Accused Devices.

16.     Defendant Aeromotive has also infringed upon Claims 2, 3, and 4 of the '710 Patent through its making, using, offering for sale, selling, and/or importing of the Accused Devices and/or commercial variants of said Accused Devices.

17.     Defendant Aeromotive's actions complained of herein will continue unless Defendant Aeromotive's are enjoined by this Court.

18.     Defendant Aeromotive's has been given notice contemporaneously with the filing of this complaint of both the '710 Patent and Plaintiffs' allegations of infringement.

19.     Defendant Aeromotive's infringement, inducement of infringement and contributory infringement of the '710 Patent has been willful.

20.     This case is exceptional pursuant to the provisions of 35 U.S.C. §285.

21.     Plaintiffs have complied with 35 U.S.C. § 287.

22891285v3

22.     Defendant's actions complained of herein are causing irreparable harm and monetary damage believed to be in excess of $75,000 and growing to Plaintiffs and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

## COUNT II

### Infringement of U.S. Letters Patent No. 7,025,048

23.     Paragraphs 1-20 are incorporated herein by reference.

24.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271 and 281.

25.     Brad Ekstam is the owner of United States Patent No. 7,025,048 (the "'048 Patent") titled Fuel/Air Separation System, a copy of which is attached hereto as Exhibit B.

26.     FASS is an exclusive licensee under the '048 Patent.

27.     The '048 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

28.     Defendant Aeromotive's has infringed and continues to infringe the '048 Patent by making, using, offering for sale, selling, and/or importing products covered by one or more claims of the '048 Patent, including Defendant Aeromotive's Accused Devices, in this judicial district.

29.     Defendant Aeromotive's has contributorily infringed, and induced to others to infringe one or more claims of the '048 Patent, and continue to contributorily infringe and induce others to infringe one or more claims of the '048 Patent, pursuant to 35 U.S.C. §§ 271(b) and (c), in the United States, including in this judicial district.

4

22891285v3

30.     Defendant Aeromotive has infringed, at a minimum, upon Claims 1, 8, 10 and 17 of the '048 Patent through its making, using, offering for sale, selling, and/or importing of the Accused Devices and/or commercial variants of said Accused Devices.

31.     Defendant Aeromotive has also infringed upon Claims 2, 5, 6, 7, 9, 11, 13, 14, 15, 16, 18, 21, 22 and 23 of the '048 Patent through its making, using, offering for sale, selling, and/or importing of the Accused Devices and/or commercial variants of said Accused Devices.

32.     Defendant Aeromotive's actions complained of herein will continue unless Defendant Aeromotive's are enjoined by this Court.

33.     Defendant Aeromotive's has been given notice contemporaneously with the filing of this complaint of both the '048 Patent and Plaintiffs' allegations of infringement.

34.     Defendant Aeromotive's infringement, inducement of infringement and contributory infringement of the '048 Patent has been willful.

35.     This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

36.     Plaintiffs have complied with 35 U.S.C. § 287.

37.     Defendant's actions complained of herein are causing irreparable harm and monetary damage believed to be in excess of $75,000 and growing to Plaintiffs and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ask the Court to:

A.     Enter judgment for Plaintiffs on this Complaint;

B.     Enjoin Defendant, their agents, officers, servants, employees, attorneys and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent Nos. 6,892,710 and 7,025,048;

22891285v3

C.    Award Plaintiffs damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

D.    Treble the damages in accordance with the provisions of 35 U.S.C. § 284;

E.    Find the case to be exceptional under the provisions of 35 U.S.C. § 285;

F.    Award Plaintiffs attorney fees under 35 U.S.C. § 285;

G.    Order the impounding and destruction of all of Defendant's products that infringe the '710 and '048 Patents;

H.    Award Plaintiffs interest and costs; and

I.    Award Plaintiffs such further relief to which this Court finds Plaintiffs entitled to under law and equity.

Plaintiff Demands Trial by Jury.

Respectfully submitted,

SmithAmundsen LLC

By:   _____
John T. Walsh    #33874
James P. Sanders    #58899
120 S. Central Avenue, Suite 700
St. Louis, MO 63105
T: (314) 719-3728
Fax (314) 719-3729
Email:  jwalsh@salawus.com
        jsanders@salawus.com

*Attorneys for Defendant*

22891285v3